```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF MICHIGAN
                         SOUTHERN DIVISION
```

WILSON SOMERVILLE, JR.,                CIVIL CASE NO. 04-40130

               Plaintiff,

v.

WILLIAM BEAUMONT HOSPITAL,             HONORABLE PAUL V. GADOLA
                                  U.S. DISTRICT JUDGE
               Defendant.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Before the Court is Defendant William Beaumont Hospital's motion for summary judgment, accepted for filing on May 2, 2005. Plaintiff, who is proceeding pro se, did not file a response to the motion. Plaintiff did, however, send a letter to this Court on April 26, 2005, prior to the filing of Defendant's motion. Plaintiff's letter responds to a letter from defense counsel, which apparently discussed the grounds on which Defendant would seek dismissal of the action. Consequently, the Court will construe this letter [docket entry 15] as a response brief in opposition to Defendant's motion [docket entry 16]. For the reasons stated below, the Court will grant Defendant's motion for summary judgment.

**I.   BACKGROUND**

Plaintiff states in his pro se complaint that Defendant

terminated his employment because of his race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e <u>et seq.</u> Defendant claims that Plaintiff was terminated for improper conduct towards a co-worker on October 20, 2003. Plaintiff had previously received a one-day suspension for improper conduct towards co-workers in May 2003. Plaintiff grieved his termination through Defendant's internal grievance procedure. The termination was upheld through this process.

Plaintiff subsequently filed this present lawsuit. Discovery in this case closed on April 1, 2005. Defendant now seeks summary judgment.

**II. LEGAL STANDARD**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is appropriate if the moving party demonstrates that there is no genuine issue of material fact regarding the existence of an essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322

(1986); Martin v. Ohio Turnpike Comm'n, 968 F.2d 606, 608 (6th Cir. 1992).

In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences in a light most favorable to the nonmoving party. 60 Ivy St. Corp. v. Alexander, 822 F.2d 1432, 1435 (6th Cir. 1987). The Court is not required or permitted, however, to judge the evidence or make findings of fact. Id. at 1435-36. The moving party has the burden of showing conclusively that no genuine issue of material fact exists. Id. at 1435.

A fact is "material" for purposes of summary judgment if proof of that fact would have the effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties. Kendall v. Hoover Co., 751 F.2d 171, 174 (6th Cir. 1984). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Accordingly, when a reasonable jury could not find that the nonmoving party is entitled to a verdict, there is no genuine issue for trial and summary judgment is appropriate. Id.; Feliciano v. City of Cleveland, 988 F.2d 649, 654 (6th Cir. 1993).

Once the moving party carries the initial burden of demonstrating that there are no genuine issues of material fact in

dispute, the burden shifts to the nonmoving party to present specific facts to prove that there is a genuine issue for trial. To create a genuine issue of material fact, the nonmoving party must present more than just some evidence of a disputed issue. As the United States Supreme Court has stated, "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmoving party's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (citations omitted); see Celotex, 477 U.S. at 322-23; Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).

Consequently, the nonmoving party must do more than raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that would be sufficient to require submission of the issue to the jury. Lucas v. Leaseway Multi Transp. Serv., Inc., 738 F. Supp. 214, 217 (E.D. Mich. 1990) (Gadola, J.), aff'd, 929 F.2d 701 (6th Cir. 1991). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson, 477 U.S. at 252; see Cox v. Ky. Dep't of Transp., 53 F.3d 146, 150 (6th Cir. 1995).

**III.   ANALYSIS**

4

Plaintiff "may establish a claim of discrimination either by demonstrating direct evidence of racial discrimination, or by proving circumstantial evidence which would support an inference of discrimination." See, e.g., Logan v. Denny's Inc., 259 F.3d 558, 566-67 (6th Cir. 2001) (citation omitted). In this case, the Court finds no direct evidence of discrimination; the Court will therefore address Plaintiff's claims under the standard for circumstantial evidence of discrimination. The Sixth Circuit has directed that in addressing cases based on circumstantial evidence, "the three-part test of McDonnell Douglas is employed." Logan, 259 F.3d at 567 (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)).

The first step of the McDonnell Douglas test requires Plaintiff to establish a prima facie case. To establish a prima facie case of race discrimination, Plaintiff must show that:

 (1) he is a member of a protected class;
 (2) he was qualified for his job and performed it satisfactorily;
 (3) despite his qualifications and performance, he suffered an adverse employment action; and
 (4) he was replaced by a person outside the protected class or was treated less favorably than a similarly situated individual outside the protected class.

Logan, 259 F.3d at 567 (citations omitted, gender altered). In this case, Plaintiff is a member of a protected class and was terminated; therefore requirements (1) and (3) have been satisfied.

Defendant does not appear to contest requirement (2), that Plaintiff was qualified for his job and performed it satisfactorily. The Court will therefore assume, without deciding, that Plaintiff satisfies this requirement, even though the hospital may have been able to contest this given the alleged falsifications on his employment applications and his previous disciplinary problems. See Def. Br. at 1-2; Def. Ex. 2-6.

Defendant argues that Plaintiff has not satisfied element (4) because there is no white employee who received different treatment for the same or similar conduct. The Court, having reviewed the filings in this case, finds no evidence that a white employee received more favorable treatment for the same or similar conduct. See Def. Br. at 7-10. Therefore Plaintiff fails to establish a prima facie case.

Even if Plaintiff were to establish a prima facie case, his claim fails at the next two steps of the analysis. After Plaintiff establishes a prima facie case of discrimination, the burden shifts to Defendant to articulate a legitimate, non-discriminatory reason for its treatment of Plaintiff. Logan, 259 F.3d at 567 (citations omitted). In this case, Defendant does present a legitimate, non-discriminatory reason for the termination. Specifically, Defendant states that the termination was for violating Beaumont's policy prohibiting improper conduct towards co-workers. See Def. Br. at

10. This reason is non-discriminatory.

In assessing an employer's legitimate, non-discriminatory reason, "the question is not whether the employer's reasons are right, but whether the employer's description of its reasons is honest." Comiskey v. Auto. Indus. Action Group, 40 F. Supp. 2d 877, 896 (E.D. Mich. 1999) (Rosen, J.) (quoting Kariotis v. Navistar Int'l Transp. Corp., 131 F.3d 672, 677 (7th Cir. 1997)). As the Sixth Circuit stated, "the employer must be able to establish its reasonable reliance on the particularized facts that were before it at the time the decision was made." Smith v. Chrysler Corp., 155 F.3d 799, 807 (6th Cir. 1998). The employer must provide evidence to support its employment action for this "honest belief" rule to apply. Id. In this case, Defendant has done so. See Def. Ex. 2-6.

Plaintiff may rebut the legitimate, non-discriminatory reason by showing that the proffered reason is pretextual. As the Sixth Circuit has stated,

> To make a submissible case on the credibility of his employer's explanation, the plaintiff is required to show by a preponderance of the evidence either (1) that the proffered reasons had no basis *in fact*, (2) that the proffered reasons did not *actually* motivate his discharge, or (3) that they were *insufficient* to motivate discharge.

Manser v. Diamond Shamrock Chems. Co., 29 F.3d 1078, 1084 (6th Cir. 1994) (emphasis in original, citations and quotations omitted). At

7

this step, Plaintiff must create "a new level of specificity." <u>U.S. Postal Serv. Bd. of Governors v. Aikens</u>, 460 U.S. 711, 715 (1983). Furthermore, "[a] reason cannot be proved to be 'a pretext for <u>discrimination</u>' unless it is shown <u>both</u> that the reason was false, <u>and</u> that discrimination was the real reason." <u>St. Mary's Honor Ctr. v. Hicks</u>, 509 U.S. 502, 515 (1993) (emphasis in original).

Plaintiff has failed to show that Defendant's proffered legitimate, non-discriminatory reason for the termination is pretextual. Plaintiff's letter complains that the individuals on the grievance committee were all white. Plaintiff also claims that his version of the events are the truth. Even assuming his version is true, Plaintiff has not provided sufficient evidence to demonstrate that discrimination is the true reason for his termination.

For the reasons stated above, the Court will grant Defendant's motion for summary judgment. Consequently, the Court does not need to reach Defendant's motion in limine to exclude evidence of Plaintiff's polygraph examination, and will deny the motion as moot. Finally, as the prevailing party, Defendant would be entitled to costs under Federal Rule of Civil Procedure 54(d), "unless the court otherwise directs." The Court determines that since the Court permitted Plaintiff to proceed without the payment

of fees, an award of costs to Defendant is not warranted or just in this matter, and therefore directs that no costs shall be awarded to either party.

**IV. CONCLUSION**

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendant's motion for summary judgment [docket entry 16] is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant's motion in limine [docket entry 18] is **DENIED AS MOOT.**

**SO ORDERED.**

Dated: June 7, 2005                         s/Paul V. Gadola
                                            HONORABLE PAUL V. GADOLA
                                            UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on ___June 8, 2005___ , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

_____ ,
and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: ___Wilson Somerville, Jr.; John P. Hancock, Jr.___ .

                                            s/Ruth A. Brissaud
                                            Ruth A. Brissaud, Case Manager
                                            (810) 341-7845